UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**RAMADA WORLDWIDE INC.,**

          **Plaintiff,**

v.

**KAANAM, LLC and MILIND K. OZA,**

          **Defendants.**

Civ. No. 14-5752 (KM) (MAH)

**OPINION**

**MCNULTY, U.S.D.J.:**

    This matter comes before the Court on the unopposed motion of Plaintiff Ramada Worldwide Inc. ("Ramada") for default judgment against Defendants KaanAm, LLC ("KaanAm") and Milind K. Oza ("Oza"). For the reasons set forth below, I will enter default judgment against KaanAm and Oza. Ramada is awarded $120,416.14, comprising (i) $115,592.15 in outstanding fees and interest and (ii) $4,823.99 in attorneys' fees and costs. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

**BACKGROUND**

    Ramada is a Delaware corporation with its principal place of business in New Jersey. (Complaint, Dkt. No. 1 ("Compl.") ¶ 1) KaanAm is a limited liability company organized under the laws of and maintaining its principal place of business in New York. (*Id.* ¶ 2) Oza is the sole member of KaanAm and is a citizen of New York. (*Id.* ¶¶ 3–4)

    This suit arises from a franchise agreement entered into between Ramada and KaanAm on June 6, 2012 ("Franchise Agreement") pursuant to which KaanAm was to operate a 145-room hotel under the Ramada name in Jamestown, New York for a period of fifteen years. (Compl. ¶¶ 9–10) Oza,

1

KaanAm's sole member, signed the Franchise Agreement on behalf of KaanAm. (*Id.* ¶¶ 4; Certification of Suzanne Fenimore in Support of Motion for Final Judgment by Default, dated May 7, 2015, Dkt. No. 6-3 ("Fenimore Cert.") Ex. A ("Franchise Agreement") p. 25) On the same day, Oza also executed a guaranty of KaanAm's obligations under the Franchise Agreement ("Guaranty"). (Compl. ¶ 17; Fenimore Cert. Ex. B) The Guaranty committed Oza to make any unpaid payments on behalf of KaanAm in the event that KaanAm defaulted under the Franchise Agreement. (Compl. ¶ 18)

Under the terms of the Franchise Agreement, KaanAm was obligated make period payments to Ramada for royalties, taxes, and a variety of fees, which are collectively defined by the Franchise Agreement as "Recurring Fees." (Compl. ¶ 11; Franchise Agreement §§ 7, 18.1) In order to calculate the royalties owed, KaanAm undertook to prepare and submit to Ramada monthly gross room revenue reports. (Compl. ¶ 13; Franchise Agreement § 3.6) KaanAm was also obligated to maintain accurate books and records and to allow Ramada to audit those documents. (Compl. ¶ 14) The Franchise Agreement provided that Ramada could terminate the agreement if KaanAm discontinued operating the property as a Ramada-branded hotel or if KaanAm lost possession of the property. (*Id.* ¶ 15; Franchise Agreement § 11.2) On December 4, 2012, KaanAm lost possession of the property to a third party, triggering default and a termination of the Franchise Agreement. (Compl. ¶ 20) Apparently, KaanAm had failed to pay the Recurring Fees since the execution of the Franchise Agreement.

On September 16, 2014, Ramada filed its complaint in this action. (Dkt. No. 1) The complaint asserts causes of action sounding in breach of contract and unjust enrichment for KaanAm and Oza's failure to remit payment on the Recurring Fees. Although served, neither KaanAm nor Oza answered the complaint. On January 14, 2015, the clerk entered default against KaanAm and Oza. On May 8, 2015, Ramada filed this motion for a default judgment against KaanAm and Oza. (Dkt. No. 6) Ramada seeks (i) $115,592.15 in unpaid

recurring fees and interest, (ii) $4,000 in attorneys' fees, and (iii) $823.99 in costs, for a requested award of $120,416.14. (Fenimore Cert. ¶¶ 16–18)

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

## LEGAL STANDARD AND DISCUSSION

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

## I. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Service of an individual, such as Oza, may be made by personal service, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion, delivering a copy of the summons and complaint with an agent for service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(e).

Service of a corporate entity, such as KaanAm, may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1).

New Jersey law states in relevant part that service on a corporation may be made

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.

4

N.J. Ct. R. 4:4-4(a)(6).

If, despite diligent efforts, personal service cannot be made in accordance with N.J. Ct. R. 4:4-4(a)(1), *in personam* jurisdiction may nevertheless be obtained over any defendant by substituted or constructive service, in accordance with N.J. Ct. R. 4:4-4(b)(1)(C), by

> mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of 14 or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2) and (a)(3) of this rule; (3) a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its principal place of business, or to its registered office.

N.J. Ct. R. 4:4-4(b)(3).[1]

Here, the prerequisites for default judgment have been met. The complaint was filed on September 16, 2014. (Dkt. No. 1) Despite diligent efforts and inquiry, Ramada was unable to personally serve KaanAm, Oza, or any person authorized to receive service on behalf of KaanAm. (Dkt. No. 5; Certification of Bryan P. Couch In Support of Motion for Final Judgment by Default, dated May 8, 2015, Dkt. No. 6-2 ("Couch Cert.") ¶ 4) Ramada did, however, successfully serve the Summons and Complaint on November 19, 2014 via regular and certified mail as permitted by N.J. Ct. R. 4:4-4(b)(3). (Couch Cert. ¶¶ 5–6) KaanAm and Oza had twenty-one days (until December 10, 2014) to file an answer or otherwise respond to the complaint pursuant to

---

[1]   Rule 4 also permits service to be made in accordance with the laws of the courts of general jurisdiction where service is made. Here, service was attempted in Texas, at the last known addresses for KaanAm and Oza. (Dkt. No. 5) Texas law states that service is made by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, in person, by mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct. (*See* Vernon's Ann. Texas Rules Civ. P. Rule 21a)

Fed. R. Civ. P. 12(a). The clerk entered default against KaanAm and Oza on January 14, 2015. (Dkt. No. 5) Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist*, 756 F.2d at 18–19.

## II. Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

### a. Factor 1

The evaluation of the first factor is complicated, of course, by KaanAm and Oza's failure to answer or to oppose this motion. My independent review of the record, however, does not suggest that the claims asserted by Ramada against the defendants are legally flawed or that either KaanAm or Oza could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that Ramada has successfully stated claims for relief as against KaanAm and Oza.

The complaint asserts four causes of action, which, in essence, amount to a claim for breach of contract against KaanAm for failing to remit payment on the Recurring Fees and breach of the Guaranty against Oza, in her capacity as guarantor, for failing to pay the Recurring Fees on behalf of KaanAm. Under New Jersey law, a prima facie case for breach of contract requires that the plaintiff show: (1) a contract between the parties; (2) a breach of that contract; and (3) damages resulting from the breach. *See Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div. 1985); *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The facts alleged in the Complaint establish that those elements

6

are satisfied here. The declaration submitted in support of Ramada's motion and the exhibits annexed thereto corroborate those factual allegations. Both the Franchise Agreement and Guaranty are valid and enforceable contracts. Those contracts were breached by KaanAm's failure to pay certain of the Recurring Fees owed to Ramada and Oza's failure to personally pay the same. Ramada has accrued damages as a result of these breaches. In sum, the facts alleged by Ramada state a claim for breach of the Franchise Agreement against KaanAm and breach of the Guaranty against Oza. I cannot discern a meritorious defense to these claims from the record before me.

### b. Factors 2 and 3

The second and third factors weigh in favor of default. KaanAm and Oza were properly served on November 19, 2014 but have failed to appear and defend themselves in any manner. It is clear that Ramada has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." See *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that a defendant's failure to answer prejudices the plaintiff); see also *Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment against KaanAm and Oza, and I will grant the motion for default judgment against the defendants.

### III. Remedies

Ramada seeks two types of compensation, totaling $120,416.14. (*See* Fenimore Cert. ¶ 18) Specifically, Ramada seeks (1) $115,591.15 in recurring fees, including principal and interest, and (2) $4,823.99 for attorneys' fees and costs. (*See id.* ¶¶ 16–17)

Ramada has submitted documentary evidence in support of its demands, while KaanAm and Oza have submitted nothing and have failed to appear or respond in any manner. An *ex parte* hearing would thus serve little additional purpose, so I rule based on the record before me.

I will grant Ramada's request for the principal amount of recurring fees due and interest on those fees. (*See* Fenimore Cert. ¶ 16) Ramada has documented recurring fees (and the interest thereon calculated at 1.5% monthly) owed from June 2012 through September 2013, corresponding to the time between the when the Franchise Agreement was executed until Ramada filed its complaint, in the amount of $115,592.15. (Fenimore Cert. Ex. A p. 11, Ex. C)

I will also grant Ramada's request for attorneys' fees and costs. Ramada has adequately documented its attorneys' fees, which do not seem unreasonable or disproportionate. (*See* Couch Cert. ¶¶ 10–11; Franchise Agreement § 17.4 (non-prevailing party is to "pay all costs and expenses, including reasonable attorneys' fees incurred by the prevailing party to enforce this Agreement or to collect amounts owed under this Agreement") Ramada has also adequately documented its costs, which I also find to be reasonable. (*Id.* ¶ 12) I will enter a judgment that includes $4,000 in attorneys' fees and $823.99 in costs, for a total of $4,823.99.

The total judgment awarded is, therefore, $120,416.14. Post-judgment per diem interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

**CONCLUSION**

For the foregoing reasons, the motion is granted as to defendants KaanAm and Oza, and a default judgment will be entered against defendants KaanAm and Oza and in favor of plaintiff Ramada in the total amount of $120,416.14, with post-judgment interest from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

An appropriate order and judgment will issue.

_____
**KEVIN MCNULTY, U.S.D.J.**

Date: October 29, 2015